# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHEY GARRISON GUIDI,<br><br>    Plaintiff<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION and MCCARTHY HOLTHUS, LLP,<br><br>    Defendants | Case No.: 2:17-cv-02946-APG-CWH<br><br>**Order Granting Defendants' Motion to Dismiss and Denying All Other Pending Motions as Moot**<br><br>[ECF Nos. 6, 17, 23] |

    This dispute arises from the attempted foreclosure on property at 9301 Baltinglass Street in Las Vegas, Nevada. Plaintiff Richey Guidi sues defendants Quality Loan Service Corporation (QLS) and McCarthy & Holthus, LLP (M&H) based on this attempted foreclosure, bringing claims for injunctive relief to stop the alleged wrongful foreclosure,[1] quiet title and declaratory relief, slander of title, fraudulent inducement, fraudulent concealment, intentional infliction of emotional distress (IIED), violations of the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA), rescission, and adverse possession.

    The defendants move to dismiss all the claims, primarily arguing that Guidi has not alleged facts plausibly showing legally cognizable claims. In particular, they argue that the deed of trust upon which the foreclosure is based is a valid instrument and the borrower is in default, so the claims based on the foreclosure must fail. They also argue that the attempted foreclosure is not extreme and outrageous behavior, and that they are not proper defendants for the TILA, RESPA, and adverse possession claims.

---

[1] I construe Guidi's "Standing" cause of action as one for wrongful foreclosure.

Guidi's complaint and his arguments in opposition to the motion to dismiss are difficult to decipher. He appears to argue that the deed of trust on the property is void, and thus all attempts to foreclose on the property are illegal. Because he believes the deed of trust is void, he argues that he has adversely possessed the property. He also contends that the loan terms were exploitative and thus violated TILA and RESPA.

The parties are familiar with the facts of the case and I will not repeat them here except where necessary to rule on the motion.[2] I grant the defendants' motion. The deed of trust is not void, and Guidi has not pleaded sufficient facts to plausibly allege any of his claims based on that instrument. Nor has he alleged sufficiently outrageous and extreme conduct to sustain his IIED claim. Finally, Guidi has not alleged the defendants are the proper defendants under TILA, RESPA, or the adverse possession claim.

I. **ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

////

---

[2] This is especially so as this is the third time Guidi (and his mother) filed suit to stop this property from being foreclosed upon.

2

A. <u>Wrongful Foreclosure</u>

In Nevada, to establish a claim for wrongful foreclosure, the borrower must "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). The "material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." *Id.* A plaintiff's claim will fail unless he shows that he was not in default on his loan obligations when the foreclosure proceedings were initiated. *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009).

The defendants argue that Guidi makes no allegation that the borrower on the underlying loan, Guidi's mother Priscilla Bardes, is not in default. Guidi does not allege the loan is not in default. In fact, he states he had been making payments on the loan but stopped in October 2013. ECF No. 1 at 7. Guidi instead contends that the deed of trust securing the loan is void and so the defendants do not have standing to foreclose.[3] He argues Bardes violated a "Second Home Rider" on the deed of trust by conveying an interest in the property to him and allowing him to possess the property. According to Guidi, this violation voided the deed of trust.

Even if Bardes violated the deed, Guidi has not plausibly alleged this breach would void the deed. Guidi has not made any other allegations showing the defendants do not have standing to foreclose, and has not plausibly alleged that Bardes was not in default on her loan obligations.

---

[3] For the purposes of considering this claim, I assume without deciding that Guidi has standing to challenge the foreclosure.

3

Therefore, I dismiss this claim. Because Guidi acknowledges that the loan was in default, I dismiss this claim with prejudice.

### B. Other Claims Based on the Deed of Trust

Guidi's claims for fraud in the concealment, fraud in the inducement, slander of title, quiet title, declaratory relief, and injunctive relief are all based on his argument that the deed of trust is void. Guidi has not plausibly alleged facts showing this to be the case. Nor can he bring these claims under any factual scenario, as he is not the borrower on the loan at issue nor listed on the deed of trust. Thus, I dismiss these claims with prejudice.

### C. Intentional Infliction of Emotional Distress

Under Nevada law, an IIED claim requires three elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (en banc). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation omitted).

The defendants contend that Guidi has not alleged extreme and outrageous conduct, and that their lawful attempts to foreclose on the property do not suffice. Guidi responds that the defendants' attempts to foreclose on his property is extreme and outrageous conduct that has caused him severe emotional distress. Guidi has not plausibly alleged that the attempts to foreclose on his property are outside all bounds of decency, or that it was intended to cause emotional distress. *See Mora v. Countrywide Mortg.*, No. 2:11-cv-00899-GMN-RJJ, 2012 WL 254056, at *6 (D. Nev. Jan. 26, 2012). Foreclosing on a valid deed of trust is lawful conduct that

cannot constitute extreme and outrageous behavior as a matter of law. Guidi does not allege the defendants have engaged in any behavior in their attempt to foreclose or any other actions that could support this claim. Therefore, I dismiss it with prejudice.

D. TILA, RESPA, and Rescission

"TILA was enacted to protect consumers against potentially fraudulent practices stemming from the uninformed use of credit and requires creditors to disclose certain information about the terms of a particular loan to a prospective borrower." *Kerr v. Bank of Am., N.A.*, No. 3:15-cv-00306-MMD-WGC, 2016 WL 5107069, at *5 (D. Nev. Sept. 19, 2016). RESPA requires lenders who make a "federally related mortgage loan" to make certain disclosures. *See* 12 U.S.C. § 2605.

The defendants contend that Guidi does not have standing to make claims under these statutes because he is not the borrower on the loan at issue. They further argue that they are neither creditors or lenders on the loan, and so are not proper defendants. Guidi does not respond to these arguments, thus consenting to dismissal on these bases. L.R. 7-2(d). Moreover, Guidi does not allege that he is the borrower or that either QLS or M&H are the lender or creditor on the initial loan. Because the laws under which Guidi is bringing claims can only be brought against the lender and creditor, and the defendants are neither of those things, amendment would be futile. Therefore, I dismiss this claim with prejudice.

One of Guidi's claims is for "Rescission," which is actually a form of relief. The basis for this relief is unclear. The defendants argue that to the extent the request is based on TILA, it must be denied because rescission is available only where the borrower is willing and able to tender the balance of the note, which Guidi has not alleged. Guidi responds that tender is not required because of the various issues he has with the loan and deed of trust.

5

Under TILA, the obligor has a limited right to rescind a consumer credit transaction for disclosure violations. *See* 15 U.S.C. § 1635. Contrary to the defendants' argument, "a plaintiff can state a claim for rescission under TILA without pleading that they have tendered, or that they have the ability to tender, the value of their loan." *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1038 (9th Cir. 2014). However, because this claim is based on Guidi's TILA claim, this requested relief is not available to Guidi.

E.  Adverse Possession

Nevada's general adverse possession statute allows a party who has adversely possessed property for five years and who has paid or tendered all taxes assessed on such property for the same period to assert his possession against a known claimant. Nev. Rev. Stat. § 11.150; *see also Crumbaker v. Kelly*, 601 P.2d 1199, 1201 (Nev. 1979).

The defendants argue they have no claim or ownership interest in the property, and so any claim Guidi makes as to the property cannot be adverse to them. Guidi primarily restates the merits of his alleged claim, contending the defendants have a sufficient interest in the property because of their efforts to foreclose. Neither of these defendants has an ownership interest in the property to which Guidi's claim could be adverse. Thus, I dismiss this claim with prejudice.

**II.    CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 6) is GRANTED.**

IT IS FURTHER ORDERED that plaintiff Richey Guidi's motion for judgment **(ECF No. 17)** and the defendants' motion to strike **(ECF No. 23) are DENIED as moot.**

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of defendants Quality Loan Service Corporation and McCarthy & Holthus, LLP and against plaintiff Richey Guidi and close this case.

DATED this 31st day of July, 2018.

                                                            ANDREW P. GORDON
                                                            UNITED STATES DISTRICT JUDGE